of fact in this regard.[11] Brief of Appellants at 48.

 Assuming, but expressly not deciding, that Ingrid Metz's consent was invalid, it is invalid solely because it was given in response to false statements made by FLETC officials. Those allegedly false statements constitute the basis for a slander claim. Because the alleged slander is essential to Ingrid Metz's assertion that her consent was invalid, and because that assertion is in turn essential to her claim for intrusion, we conclude that her claim for intrusion "arises out of" slander. *See Block v. Neal,* 103 S.Ct. at 1094.[12] Ingrid Metz's claim for intrusion into her private seclusion, therefore, is not actionable under the FTCA.

For the foregoing reasons, the decision of the district court is

AFFIRMED.

Glenn O. Starke, Andrus, Sceales, Starke & Sawall, Milwaukee, Wis., argued, for appellant.

Jerome F. Fallon, Tilton, Fallon, Lungmus & Chestnut, Chicago, Ill., argued, for appellee.

Before RICH, Circuit Judge, NICHOLS, Senior Circuit Judge, and NIES, Circuit Judge.

---

**PAPER CONVERTING MACHINE COMPANY, Appellee,**

v.

**MAGNA–GRAPHICS CORPORATION, Appellant.**

Appeal No. 85–2576.

United States Court of Appeals, Federal Circuit.

April 4, 1986.

---

### ORDER

NICHOLS, Senior Circuit Judge.

Paper Converting applies for counsel fees and expenses under 35 U.S.C. § 285, to cover services of counsel with respect to the most recent and presumably last appeal

---

**11.** Although the district court granted the government's 12(b)(6) motion to dismiss for all claims except one, the district court converted this motion into a motion for summary judgment which was granted with respect to Ingrid Metz's claim for invasion of privacy. Because of our disposition of this claim, we can assume the Metzes' version of the facts as true and eliminate any genuine issue of fact.

**12.** The fact that the injuries alleged in Mrs. Metz's claims for intentional infliction of emotional distress and intrusion into her private seclusion may be different from the injuries Mr. Metz might suffer as a result of slander does not alter our conclusion. Section 2680(h) shields the government from all claims arising out of slander "and does not purport to distinguish among types of harm." *See Kosak v. United States,* 679 F.2d 306, 308 (3d Cir.1982), *aff'd,* 465 U.S. 848, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984) (analyzing "arising in respect of" language of 28 U.S.C. § 2680(c)).

only, fees for previous services having been denied by the district court and no cross-appeal having been taken. The application states that no reasonably prudent party would have appealed as Magna-Graphics did, the most recent appeal again being meant. Our understanding as to our duty in the infrequent case of an application under section 285, to us instead of to the trial court, is stated in *Rohm & Haas Company v. Crystal Chemical Company,* 736 F.2d 688, 222 USPQ 97 (Fed.Cir.), *cert. denied,* — U.S. ——, 105 S.Ct. 172, 83 L.Ed.2d 107 (1984).

We believe it is not unjust for Paper Converting to continue to bear its own counsel fees inasmuch as its treble damages award is by definition largely in excess of the actual injury and should also cover counsel fees in whole or in major part. However that may be, the dissent filed in this panel tends to refute the idea that Magna-Graphics was so unreasonable as to render this appeal exceptional. 35 U.S.C. § 285. Therefore, the application is denied.

**Willis R. BEARDMORE, Petitioner,**

v.

**DEPARTMENT OF AGRICULTURE, Respondent.**

No. 85–517.

United States Court of Appeals, Federal Circuit.

April 4, 1986.

Michael P. Miller, Weinburg, Ziff & Miller, Palo Alto, Cal., argued for petitioner.

Hillary A. Stern, Commercial Litigation Branch, Dept. of Justice, Washington, D.C.,